IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| DEBORAH DOWNEY, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>JO ANNE B. BARNHART, Commissioner of )<br>Social Security, )<br>)<br>Defendant. ) | CV 05-396-KI<br><br>OPINION AND ORDER |

RORY LINERUD
Linerud Law Firm
PO Box 1105
Salem, Oregon 97308

    Attorney for Plaintiff

KARIN J. IMMERGUT
United States Attorney
NEIL J. EVANS
Assistant United States Attorney
1000 SW Third Avenue, Ste 600
Portland Oregon 97204

1 - OPINION AND ORDER

VIKASH CHHAGAN
Office of the General Counsel
THOMAS M. ELSBERRY
Special Assistant United States Attorney
Social Security Administration
701 5th Avenue, Ste 2900 M/S 901
Seattle Washington 98104

Attorneys for Defendant

KING, District Judge:

## INTRODUCTION

Plaintiff Deborah Downey brings this action for judicial review of a final decision of the Commissioner of Social Security denying her application for supplemental security income payments under Title XVI of the Social Security Act. The court has jurisdiction under 42 U.S.C. §§ 405(g) and 1383(c)(3). The Commissioner's decision is affirmed and the case dismissed.

## BACKGROUND

Downey was 46 years of age on the date she protectively filed her application. She went to school through the 11th grade and later completed a course at a beauty school. In the 15 years preceding her application, she was employed as a janitorial worker, housekeeper and packager. She last worked on January 16, 2001.

Downey alleged that her ability to work is limited by "constant vomiting, side aches, abdominal pain, back pain and chest pain," which limit her as follows: "cannot move, hurts to climb stairs and have trouble bending over." Tr. 64.[1] Downey stopped working on January 16, 2001, when pain prevented her from keeping up with her coworker on the job.

---

[1] Citations to "Tr." refer to the page(s) indicated in the official transcript of the administrative record filed with the Commissioner's Answer.

After her claim was initially denied, Downey alleged that the pain in her stomach worsened, becoming so severe that she could not sleep. She had difficulty being on her feet for more than 15 to 20 minutes, standing, walking or lifting over 10 pounds. She alleged that she spent most of her time lying down with a heating pad on her stomach. She also claimed to have a bad memory and to be unable to read or write. Tr. 109-11.

## DISABILITY ANALYSIS

The initial burden of proof rests upon the claimant to establish disability. *Roberts v. Shalala*, 66 F3d 179, 182 (9th Cir 1995). To meet this burden, a claimant must demonstrate an "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected . . . to last for a continuous period of not less than 12 months. . . ." 42 U.S.C § 1382c(a)(3)(A).

The Commissioner has established a sequential process of up to five steps for determining whether a person over the age of 18 is disabled within the meaning of the Act. *Bowen v. Yuckert*, 482 US 137, 140 (1987); 20 CFR § 416.920. Downey challenges the fourth step of the ALJ's decision.

For the purposes of step four, the Commissioner must assess the claimant's residual functional capacity (RFC). The claimant's RFC is an assessment of the sustained work-related activities the claimant can still do on a regular and continuing basis, despite the limitations imposed by her impairments. 20 C.F.R. § 416.920(e), 416.945; Social Security Ruling (SSR) 96-8p. The ALJ must then determine whether the claimant retains the RFC to perform work she has done in the past. 20 C.F.R. § 416.920(e). If so, the claimant is not disabled.

## THE ALJ's FINDINGS

The ALJ found that Downey's ability to work is limited by the following impairments:

> hypothyroidism, obesity, a history of arthralgias and low back pain, a history of abdominal pain without identifiable etiology, possible psychological factors affecting physical condition, social phobia, dysthymia and marijuana abuse.

Tr. 20.

He assessed Downey with the following RFC:

> The evidence has established that the claimant is limited from lifting and carrying 10 pounds frequently with an occasional 30 pound maximum. She requires an occasional opportunity to change position. She is limited to occasionally stooping, kneeling, crouching, and crawling. She has moderate limitations understanding, remembering, and carrying out detailed instructions, interacting appropriately with the public, tolerating exposure to dangerous hazards, and independently formulating plans and goals.

Tr. 21.

At the hearing, an impartial vocational expert (VE) testified regarding the work functions required of workers employed in Downey's past work as a janitorial worker, housekeeper at a resort and packager. The VE testified that a person with Downey's vocational characteristics and RFC would be capable of performing Downey's past work. Based on this testimony, the ALJ found that Downey remained capable of performing her past work and was not disabled as defined in the Social Security Act.

The Commissioner now concedes that the ALJ erred in determining that Downey retained the RFC to perform her past work as a janitorial worker and packager, but asserts that the ALJ properly found Downey capable of returning to her work as a housekeeper.

4 - OPINION AND ORDER

## STANDARD OF REVIEW

The district court must affirm the Commissioner's decision if it is based on proper legal standards and the findings are supported by substantial evidence in the record as a whole. 42 U.S.C. § 405(g); *Batson v. Commissioner of Soc. Sec. Admin.*, 359 F.3d 1190, 1193 (9th Cir. 2004). "Substantial evidence means more than a mere scintilla but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995).

The ALJ is responsible for determining credibility, resolving conflicts in the medical evidence and resolving ambiguities. *Edlund v. Massanari*, 253 F.3d 1152, 1156 (9th Cir. 2001). If the evidence can reasonably support either affirming or reversing the Commissioner's conclusion, the court may not substitute its judgment for that of the Commissioner. *Batson*, 359 F.3d at 1193. The Commissioner's decision must be upheld, even if the "evidence is susceptible to more than one rational interpretation." *Andrews*, 53 F.3d at 1039-40.

## DISCUSSION

Downey contends the ALJ failed to accurately assess her RFC because he improperly rejected the findings of agency medical and psychological consultants Robert McDonald, M.D., and Peter LeBray, Ph.D. She also contends the ALJ failed to develop the record adequately.

Downey challenges the vocational evidence on two grounds. First, she contends the ALJ elicited testimony from the VE based on hypothetical questions that did not reflect all of her limitations. Second, she contends the ALJ failed to resolve conflicts between the testimony of the VE and information in the *Dictionary of Occupational Titles* (DOT), a publication of the Department of Labor.

I. **Agency Consultants**

The Commissioner relies on medical and psychological consultants to make findings of fact about the nature of a claimant's impairments and the severity of the functional limitations they impose. 20 C.F.R. § 416.927(f); SSR 96-6p. Such reviewing sources do not treat or examine the claimant. Therefore, their opinions are held to stricter standards and are given weight only to the extent they are supported by the record and consistent with the record as a whole. SSR 96-6p. The ALJ is not bound by the findings of reviewing consultants, but may not ignore their opinions and must explain the weight given to the opinions in their decision. *Id.*

Dr. McDonald prepared a Residual Physical Functional Capacity Assessment (RPFC) on January 10, 2002. He indicated that Downey was capable of lifting 20 pounds occasionally. Tr. 137. The ALJ assessed Downey with the RFC to lift up to 30 pounds occasionally. Tr. 21. Downey argues that the ALJ improperly failed to explain why he did not adopt Dr. McDonald's finding.

At the hearing on November 21, 2003, Downey testified that she could comfortably lift 25 to 30 pounds if she had to do so throughout the day. Tr. 318. Downey argues that the ALJ could not reasonably rely on her testimony rather than Dr. McDonald's RPFC. That contention is rejected. Dr. McDonald did not examine Downey and indicated that his assessment was not supported by a treating or examining source statement regarding her physical capacities. Tr. 140. Downey's sworn testimony is superior evidence of her lifting capabilities.

If the ALJ erred by failing to explain why he did not adopt Dr. McDonald's finding, it was harmless. In her description of her past work as a housekeeper, Downey indicated that the heaviest weight she had to lift was 20 pounds. Tr. 102. The DOT defines housekeeping as light work, which

the regulations define as work that involves lifting no more than 20 pounds. DOT 323.687-014; 20 C.F.R. § 416.967(b). Even if Dr. McDonald's lifting limitation were credited as a matter of law, Downey would retain the RFC to perform her past work as a housekeeper.

Dr. LeBray prepared a Mental Residual Functional Capacity Assessment (MRFC) on January 9, 2002. Tr. 274-76. Downey argues that the ALJ's RFC erroneously excluded limitations identified by Dr. LeBray in her ability to interact with the general public and her ability to get along with coworkers.

Dr. LeBray indicated that Downey had moderately limited ability to interact appropriately with the general public, but her ability to get along with coworkers or peers was not significantly limited. Tr. 275. In the narrative section of the MRFC, Dr. LeBray elaborated on these summary conclusions as follows:

> She would be able to sustain an ordinary routine without special supervision. She would be able to work with coworkers and supervisors on brief and structured interactions. She should not be expected to work with the general public.

Tr. 276.

Downey argues that the ALJ's RFC should have precluded all public contact based on Dr. LeBray's findings. This argument is rejected. The ALJ could reasonably conclude that Dr. LeBray would have indicated greater than moderate limitation in the ability to interact appropriately with the general public if he believed she should have no public contact. The ALJ's RFC assessment accurately reflected Dr. LeBray's findings regarding Downey's ability to interact with the public.

The ALJ's RFC did not reflect any limitation in the ability to get along with coworkers. This is consistent with Dr. LeBray's MRFC, which indicated that her ability to get along with coworkers

7 - OPINION AND ORDER

or peers was not significantly limited. Dr. LeBray's additional comment that Downey is able to work with coworkers in brief, structured interactions could reasonably be interpreted as an expression of the least she is able to do. The ALJ could conclude that Dr. LeBray believed she could at least interact with coworkers well enough for the basic requirements of most jobs.

Even if the ALJ erred by excluding limitations in the ability get along with coworkers from his RFC assessment, it was harmless. Dr. LeBray found no significant limitation in this category of function, and his narrative comments suggest only slight limitation. Neither Downey's description of her past work as a housekeeper nor the DOT description of that occupation suggests that the occupation requires more than brief, structured interactions with coworkers.

## II. Vocational Evidence

Downey challenges the hypothetical questions used by the ALJ to elicit testimony from the VE. The ALJ may rely on VE testimony elicited with a hypothetical question that sets forth all the claimant's limitations. *Andrews v. Shalala*, 53 F.3d at 1043; *Osenbrock v. Apfel*, 240 F.3d 1157, 1163-65 (9th Cir. 2001). The assumptions in the hypothetical question must be supported by substantial evidence.

The ALJ posed a hypothetical question to the VE which included the following:

> She has moderate limitations understanding, remembering, and carrying out detailed instructions, interacting appropriately with the public, tolerating exposure to dangerous hazards, and independently forming plans and goals. With those limitations, could such an individual perform the work you identified as past work?

Tr. 329-30.

The VE testified that such a hypothetical person could perform Downey's past work as a housekeeper.

8 - OPINION AND ORDER

Downey objects that the occupation of housekeeper requires a degree of public contact beyond her ability. This objection cannot be sustained because the hypothetical question accurately reflected the ALJ's RFC assessment. As note previously, the ALJ did not improperly exclude Dr. LeBray's findings from his RFC assessment.

In addition, the work duties of a housekeeper do not include extensive interactions with the general public. Downey described the job duties she performed as a housekeeper and did not mention any public contact. Tr. 102. Downey argues that the housekeeping occupation would be inappropriate because the DOT description indicates that rendering assistance to patrons may be one of the duties. DOT 323.687-014. Contrary to Downey's argument, the DOT description does not establish that housekeeping requires close or extensive contact with the general public. The VE testified that moderate limitation in the ability to interact appropriately with the general public would not preclude this occupation. Tr. 330, 331. This is consistent with Downey's description of her past work.

The VE's testimony was reasonable and persuasive and consistent with both the record and the DOT. The ALJ properly relied on the VE's testimony. *Johnson v. Shalala*, 60 F3d 1428, 1435 (9th Cir 1995). Her testimony provided the ALJ with substantial evidence to support the conclusion that Downey's moderate limitations in interacting appropriately with the public would not preclude work as a housekeeper.

### III. Development of the Record

Downey contends the ALJ failed to develop the record by failing to incorporate all of the findings of Drs. McDonald and LeBray into his RFC assessment and the hypothetical limitations he used to elicit vocational testimony. These arguments were rejected previously.

9 - OPINION AND ORDER

An ALJ's duty to develop the record further is triggered only when there is ambiguous evidence or when the record is inadequate to allow for proper evaluation of the evidence. *Mayes v. Massanari*, 276 F3d 453, 459-60 (9th Cir 2001); *Tonapetyan v. Halter*, 242 F.3d 1144, 1150 (9th Cir. 2001).

Downey has not identified ambiguous evidence and the ALJ did not find the record inadequate to allow for proper evaluation of the evidence. Accordingly, the ALJ had no duty to develop the record more fully.

## CONCLUSION

Based on the foregoing, the ALJ's decision that Downey does not suffer from a disability and is not entitled supplemental security income under Title XVI of the Social Security Act is based on correct legal standards and supported by substantial evidence. The Commissioner's final decision is AFFIRMED and the case is DISMISSED.

DATED this ___ day of _Feb._, 2006.

Garr M. King
United States District Judge